1  LUCIAN J. GRECO, ESQ.
   Nevada State Bar No. 10600
2  JARED G. CHRISTENSEN, ESQ.
   Nevada State Bar No. 11538
3  BREMER WHYTE BROWN & O'MEARA LLP
   1160 N. TOWN CENTER DRIVE
4  SUITE 250
   LAS VEGAS, NV 89144
5  TELEPHONE:  (702) 258-6665
   FACSIMILE:  (702) 258-6662
6  lgreco@bremerwhyte.com
   jchristensen@bremerwhyte.com
7
   Attorneys for Defendant,
8  James River Insurance Company

9              **UNITED STATES DISTRICT COURT**

10             **DISTRICT OF NEVADA**

11

12  CHRISTOPHER HAMILTON, an          )  **DEFENDANT JAMES RIVER**
    individual,                       )  **INSURANCE COMPANY'S**
13                                    )  **NOTICE OF REMOVAL TO THE**
                 Plaintiff,           )  **UNITED STATES DISTRICT**
14                                    )  **COURT FOR THE DISTRICT OF**
             v.                       )  **NEVADA**
15                                    )
    JAMES RIVER INSURANCE             )
16  COMPANY, an Illinois corporation; )
    DOES I through X, and ROE         )
17  CORPORATIONS I through X, inclusive, )
18               Defendants.          )
                                      )
19  _____ )

20  TO:    THE UNITED STATES DISTRICT COURT FOR DISTRICT OF NEVADA:

21         Please take notice, DEFENDANT JAMES RIVER INSURANCE COMPANY,

22  by and through its counsel of record, BREMER WHYTE BROWN & O'MEARA,

23  LLP., submits this Notice of Removal to the United States District Court for the

24  District of Nevada.

25         PLEASE TAKE NOTICE that DEFENDANT JAMES RIVER INSURANCE

26  COMPANY hereby removes the state action entitled *"Christopher Hamilton, an*

27  *individual, Plaintiff, vs. James River Insurance Company, an Illinois Corporation,*

28  *DOES I through X, and ROE CORPORATIONS I through X, inclusive, Defendants,"*

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

C:\Users\lleiwalo\ND Office Echo\VAULT-PGCQ23KE\Notice of Removal 4841-9713-0330 v.1.docx

Case No. A-17-765406-C filed in the Eighth Judicial District Court for the State of Nevada in and for the County of Clark to this Court.  The grounds for removal are as follows:

1.     Removal is appropriate pursuant to 28 U.S.C. §1441(b) there is diversity of citizenship sufficient to justify removal in that Plaintiff Christopher Hamilton is a citizen of State of Nevada and Defendant James River Insurance Company is a citizen of the State of Ohio as it is incorporated in Ohio.  There is now and there was at the time of the commencement of this action complete diversity between plaintiff and defendant.

2.     Service of summons and complaint upon James River Insurance Company was made by service through the Department of Insurance on January 3, 2018.

3.     No further proceedings have been had in this matter in the Eighth Judicial District Court, Clark County, State of Nevada.

4.     Pursuant to 28 U.S.C. §1446(b), James River Insurance Company provides this Court with copies of the following documents:

a.     Civil Complaint, attached hereto collectively as **Exhibit A**;

b.     Service through Department of Insurance, attached hereto collectively as **Exhibit B**;

5.     The sum of the damages alleged by plaintiff necessarily exceeds $75,000, exclusive of interest and costs, based on the following facts: Plaintiff is claiming at $143,439.23 in past medical specials.

6.     This Court has original jurisdiction over the subject matter of this action under the provisions of Section 1332 of Title 28 of the United States Code in that there is complete diversity between the parties and more than $75,000 in controversy exclusive of interest and costs.  Pursuant to Section 1441 of Title 28 of the United States Code, Defendant James Rivers Insurance Company is therefore entitled to remove this action to this Court.

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV 89144
(702) 258-6665

C:\Users\lleiwalo\ND Office Echo\VAULT-PGCQ23KE\Notice of Removal 4841-9713-0330 v.1.docx

1        7.     Thirty days have not elapsed since defendant was served with the

2   summons and complaint in this action on January 3, 2018.  A copy of the Complaint

3   and Summons, constituting all of the papers and pleadings served on Defendant James

4   River Insurance Company.

5        8.     A true and correct copy of this Notice of Removal is being filed this date

6   with the Clerk of the Eighth Judicial District Court, Clark County, State of Nevada.

7

8   Dated:  January 25, 2018              BREMER WHYTE BROWN & O'MEARA
                                         LLP

9

10                                   By: _____

11                                     Lucian J. Greco, Jr, Esq.
                                 Nevada State Bar No. 10600

12                                   Jared G. Christensen, Esq.
                                 Nevada State Bar No. 11538

13                                   Attorneys for Defendant,
                                 James River Insurance Company

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

3

C:\Users\lleiwalo\ND Office Echo\VAULT-PGCQ23KE\Notice of Removal 4841-9713-0330 v.1.docx

1

## CERTIFICATE OF SERVICE

2    I hereby certify that on this 25th day of January, 2018, a true and correct copy of

3 the foregoing document was electronically served through Odyssey upon all parties on

4 the master e-file and serve list.

5

6    _____

7    Lina Leiwalo

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
1160 N. Town Center Drive
Suite 250
Las Vegas, NV  89144
(702) 258-6665

4

C:\Users\lleiwalo\ND Office Echo\VAULT-PGCQ23KE\Notice of Removal 4841-9713-0330 v.1.docx

EXHIBIT "A"

EXHIBIT "A"

Electronically Filed
11/30/2017 3:46 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMJD**
MARK HESIAK, ESQ.
2  Nevada Bar No. 12397
ERIC HINCKLEY, ESQ.
3  Nevada Bar No. 12398
4  eric@lowelawgroup.com
LOWE LAW GROUP
5  3085 Rosanna Street
6  Las Vegas, NV 89117
*Attorneys for Plaintiff*
7  702-639-7846

8
## DISTRICT COURT
9
## CLARK COUNTY, NEVADA
10

11  CHRISTOPHER HAMILTON, an
individual,                                )  CASE NO.: A-17-765406-C
12                                         )  DEPT. NO.:   Department 24
Plaintiff,               )
13                                         )  **COMPLAINT AND DEMAND FOR JURY**
                                          )  **TRIAL**
14  vs.                                    )
                                          )
15  JAMES RIVER INSURANCE                 )
COMPANY, an Illinois corporation;        )
16  DOES I through X; and ROE             )
CORPORATIONS I through X, inclusive,     )
17                                         )
                                          )
18  Defendants.                           )
                                          )
19

20        COMES NOW, Plaintiff, CHRISTOPHER HAMILTON, an individual, (hereinafter

21  "Plaintiff"), by and through his attorneys at the LOWE LAW GROUP, and for Plaintiff's causes

22  of action against Defendants, JAMES RIVER INSURANCE COMPANY, DOES, and ROES, and

23  each of them, alleges as follows:

24
## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION
25

26        1.      That at all times relevant herein, Plaintiff CHRISTOPHER HAMILTON was and is

27  a resident of Clark County, Nevada.

28  …

2.     That at all times relevant herein, Defendant, JAMES RIVER INSURANCE COMPANY, an Illinois company (hereinafter "Defendants") was and is a business licensed to contract for automobile insurance coverage in Clark County, Nevada.

3.     That Defendants, and each of them, maintains a place of business in Nevada, maintains business licenses issued exclusively by the State of Nevada and its political subdivisions, hires employees who work and reside in Nevada, advertises in Nevada, enters into contracts with Nevada residents with the intent that said contracts be performed in Nevada and interpreted solely under Nevada law, pays business taxes in the State of Nevada, and otherwise acts with the intent to be a corporate citizen domiciled in Nevada, with an intent to remain in the State of Nevada for an indefinite period of time.

4.     Pursuant to NRCP 10(a) and Nurenberger Hercules-Werke GMBH v. Virostek, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of resident and non-resident DEFENDANTS designated herein as DOES I through X, and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff at the present time; however, it is alleged and believed these DEFENDANTS were involved in the initiation, approval, support, or execution of the wrongful acts upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, including but not limited to: advertising, touting, and selling a policy of insurance that did not contain terms and provisions commensurate with the actual policy delivered; improperly adjusting a claim made under a policy of automobile underinsured insurance and/or policy of automobile medical payments coverage; improperly performing contractual promises made as part of a policy of insurance; tortiously breaching duties to Plaintiff inherent in an insurance policy; and directing the acts of others to perform these wrongful acts.  It is alleged that said DOE and ROE DEFENDANTS directly and proximately caused injury and damages thereby to Plaintiff.  As the specific identities of these parties are revealed through the course of

discovery, the DOE and ROE appellation will be replaced to identify these parties by their true names and capacities.

5.      That named Defendants, DOE Defendants, and ROE Corporation Defendants, and each of them, at all relevant times, were the owner, partner, servant, officer, agent, and employee of all the other Defendants, and each of them, and were at all relevant times acting within the scope and performance of said partnership, agency, master/servants, and employment relationship.

## BACKGROUND FACTS RE: ACCIDENT GIVING RISE TO CLAIMS

6.      Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 5 and incorporates them herein.

7.      That on or about August 26, 2016, Plaintiff CHRISTOPHER HAMILTON (hereinafter "Plaintiff") was travelling eastbound on Sahara Avenue in Las Vegas, Clark County, Nevada. Mr. Hamilton was transporting a passenger on behalf of the ride share program, Uber. At or around the same time, Juan Jose Cruz (hereinafter "Cruz") was also traveling eastbound on Sahara Avenue. As PLAINTIFF was slowing his vehicle for upcoming traffic, without any advanced warning or notice, Cruz's vehicle slammed into the rear of PLAINTIFF'S vehicle.

8.      That an investigation of the accident was performed by Las Vegas Metropolitan Police Department and the investigating officer found probable cause to cite Cruz for driver inattention.

9.      That Cruz was negligent and was liable for Plaintiff's damages.

10.     At that date, time and place, Cruz violated one or more statutes, codes, ordinances or rules which governed the operation of adverse driver's vehicle which were enacted to protect persons such as Plaintiff and prevent the types of injuries and damages Plaintiff sustained, and Cruz was negligent *per se,* and was liable for Plaintiff's damages.

11.     That as a direct and proximate result of the acts and omissions of Cruz, Plaintiff sustained great pain of body and mind, including serious and painful physical injuries to Plaintiff, as well as shock and injury to Plaintiff's nervous system entailing mental stress, anxiety, and anguish, all or some of which conditions may be permanent and disabling in nature, all to Plaintiff's general damages in an amount in excess of $10,000.00.

12.     That as a direct and proximate result of the acts and omissions of Cruz, Plaintiff incurred expenses for medical care and expenses incidental thereto, and upon information and belief such expenses and damages will continue in the future, all to Plaintiff's damage in a presently unascertainable amount.

13.     That as a direct and proximate result of the acts and omissions of Cruz, Plaintiff lost income and earning capacity, and upon information and belief such damages will continue in the future, all to Plaintiff's damage in a presently unascertainable amount.

14.     At the time of the underlying motor vehicle accident involving Cruz, Cruz was covered for liability arising out of the same accident by an insurance policy with Nevada Direct Insurance Company ("Nevada Direct") with policy limits of $15,000.00 per person and $30,000.00 per accident.

15.     On or about October 24, 2016, Plaintiff made a demand upon Nevada Direct against Cruz for the insurance policy limits.

16.     On or about December 9, 2016, Nevada Direct agreed to pay Plaintiff Cruz's $15,000.00 insurance policy limits which was accepted.

17.     That the settlement with Cruz did not compensate Plaintiff for all damages suffered because of the negligence of Cruz.

///

-4-

## CLAIMS AGAINST JAMES RIVER INSURANCE COMPANY

18.    Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 17 and incorporates them herein.

20.    That at the time of the collision Plaintiff was eligible for underinsured motorist coverage (hereinafter "UIM") by Defendants, and each of them, under policy #CA436100NV-01 with coverage limits of $1,000,000.00 per person per accident.

21.    That on or about September 28, 2016, Plaintiff's counsel, pursuant to and in compliance with all the requirements of the UIM insurance, sent a letter of representation to the Defendants, and each of them, notifying them of possible UIM claims.

22.    That on or about October 4, 2016, the Defendants, and each of them, acknowledged the letter of representation and acknowledged coverage for a UIM claim by Plaintiff.

23.    That on or about August 15, 2017, Plaintiff, pursuant to and in compliance with all the requirements of the UIM policy of insurance, presented Defendants, and each of them, with a proof of claim for damages for injuries to his back and neck, together with a demand for payment of uncompensated damages caused by Cruz.  The report indicated that all of the pathology in the Plaintiff's back and neck and related areas was totally, directly causally related to the subject motor vehicle accident.

24.    That the proof of claim contained medical records and billing showing that the Plaintiff had incurred at least $143,439.23 in medical treatment and billing as a result of the subject accident; and the Las Vegas Metropolitan Police traffic accident report; and proof of the Nevada Direct (Cruz's) policy limits.

25.    That based upon the proof of claim, Defendants, and each of them, knew that Cruz's underlying $15,000 liability policy with Nevada Direct was insufficient to compensate the Plaintiff for the injuries Cruz caused the Plaintiff.

26.     That based upon the proof of claim and pursuant to and in compliance with the requirements of Defendants' UIM insurance policy, the Plaintiff demanded $1,000,000.00 in UIM coverage and gave Defendants, and each of them, 30 days to evaluate and pay the claim.

27.     That on or about September 27, 2017 the Defendants' claim representative had a conversation with Plaintiff's counsel.  The claims representative offered to settle the UIM claim for $110,000.00.

28.     That on November 1, 2017, Plaintiff's counsel received an email from a new claims representative for Defendant indicating that Defendant was awaiting confirmation that Mr. Cruz's insurance had agreed to tender their policy limits before making Plaintiff an offer on his UIM claim.

29.     That Plaintiff's counsel informed the new claims representative for Defendant that such was already provided to the prior claims representative and the prior claims representative made an unreasonably low offer as discussed herein in paragraph 27.

30.     That Plaintiff has not heard from Defendant since receiving the November 1, 2017 email.

31.     That the Defendants' valuation of the Plaintiff's UIM claim was so low as to shock the conscience of a reasonable person as it did not even amount to the medical expenses incurred by Plaintiff, let alone account for lost wages, lost earning capacity or pain and suffering

32.     That the Defendants' valuation of the Plaintiff's UIM claim, upon information and belief, was done without a reasonable basis or reasonable investigation including, but not limited to, Defendants' failure to request or conduct an Independent Medical Examination of the Plaintiff to assist it to in determining the causation of Plaintiff's injuries; and/or the reasonableness, necessity, and causation of the past and future medical treatment the Plaintiff sought to recover under the UIM coverage; and/or the past and future pain and suffering that the Plaintiff sought to

recover under the UIM coverage; and/or the future diminished earning capacity that the Plaintiff sought to recover under the UIM coverage prior to making the valuations described in the preceding paragraphs.

33.     That the Defendants' valuation of the Plaintiff's UIM claim, upon information and belief, was done without a reasonable basis or reasonable investigation including, but not limited to, Defendants' failure to timely consult with any person qualified to determine the causation of Plaintiff's injuries; and/or the reasonableness, necessity, and causation of the past and future medical treatment the Plaintiff sought to recover under the UIM coverage; and/or the past and future pain and suffering that the Plaintiff sought to recover under the UIM coverage; and/or the future diminished earning capacity that the Plaintiff sought to recover under the UIM coverage prior to making the valuations described in the preceding paragraphs.

34.     That at all times relevant herein, Defendants, and each of them, violated multiple duties owed by an insurance company to an insured making a claim created by one or more common laws, Nevada Revised Statutes, or Nevada Administrative Code provisions; including, but not limited to, of NRS 686A.310, NAC 686A.660, and NAC 686A.675 as follows:

a)      Defendants, and each of them, violated NRS 686A.310 (n) which requires an insurance company to promptly provide an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim;

b)      Defendants, and each of them, violated NAC 686A.675(1) which prohibits an insurance company from denying a claim based upon a specific policy provision, condition or exclusion without referencing that provision, condition or exclusion in the denial;

c)   Defendants, and each of them, violated NAC 686A.675 (3) which requires an insurance company to give a first party claimant the reasons why additional time is needed to investigate the claim every 30 days after receipt of the claimant's initial proof of loss;

d)   Defendants, and each of them, violated NAC 686A.675(4) which prohibits an insurance company from refusing to settle a first-party claim on the basis that responsibility for payment should be assumed by others unless provided by policy provisions;

e)   Defendants, and each of them, violated NAC 686A.675(7) which requires an insurance company to pay all undisputed policy proceeds to claimant once the company determines the amount of undisputed proceeds;

f)   Defendants, and each of them, violated NAC 686A.675(1) which requires an insurance company to pay interest on any accepted claim if the insurer failed to pay the accepted claim within 30 days after accepting the claim;

g)   Defendants, and each of them, violated NRS 686A.310 (c) which requires an insurance company to create and implement reasonable standards for the prompt investigation of claims, including appropriate procedures to support the insurer's assertions that a first party claimant's injury was either unrelated to the loss or the first party claimant's treatment was unreasonable.

h)   Defendants, and each of them, violated NRS 686A.310 (f) which prohibits an insurance company from compelling an insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts the insured claimed and ultimately recovered or offering nothing at all.

35. That Defendants, and each of them, have not tendered the undisputed amount of Plaintiff's UIM claim, and continue to hold the undisputed amount of his claim.

36. That Plaintiff has demanded Defendants, and each of them, to fully perform their UIM contractual obligations and Defendants, and each of them, have not done so.

37. That Defendants, and each of them, have acted unreasonably in carrying out their duties to Plaintiff.

## BREACH OF CONTRACT

38. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 of the Complaint as though fully set forth herein by reference.

39. That in exchange for consideration, Defendants, and each of them, contractually agreed to pay benefits under the UIM provisions of Defendants' insurance policy #CA436100NV-01.

40. That Defendants, and each of them, by and through their employees and agents, have breached their contractual obligations to Plaintiff and Plaintiff has suffered damage as a proximate result of the breach of contractual obligations, in an amount in excess of $10,000.00.

41. That Plaintiff had to retain the services of an attorney to prosecute this action against the Defendants and each of them, and is entitled to reasonable attorney's fees, prejudgment interest and costs of suit incurred herein as items of special damages.

## BREACH OF SPECIAL AND FIDUCIARY-LIKE DUTIES

42. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 41 of the Complaint as though fully set forth herein by reference.

43. That Defendants, and each of them, had special and fiduciary-like duties to the Plaintiff based upon their relative positions to each other in the subject contract.

44.     That Defendants, and each of them, by and through its employees and agents, have breached its special and fiduciary-like duties to Plaintiff causing Plaintiff damages including mental suffering and distress with physical manifestations, and anxiety, anguish, and financial hardship as a proximate result of said breach, all in an amount in excess of $10,000.00.

45.     That upon information and belief, Defendants, and each of them, by and through their employees and agents, acted with or committed acts constituting a conscious disregard of the rights of Plaintiff; oppression; and/or, malice, express or implied, by among other acts, deliberately, intentionally, and with cognizance of the foreseeable consequences: not following one or more rules of the common law, Nevada Revised Statute, and Nevada Administrative Code provisions pertaining to the adjustment of first party claims during the adjusting of Plaintiff's claims; not performing one or more contractual provisions in the policy of insurance; making medical or other expert decisions without conducting a reasonable investigation including, but not limited to, using an IME or a timely medical consultation; representing to the insured that medical records may have an effect upon its evaluation; and withholding from Plaintiff money amounts Defendants, and each of them, know is due to Plaintiff under the UIM coverage.   Plaintiff is entitled to exemplary damages as contemplated by NRS 42.005.

46.     Upon information and belief, the employer and corporate Defendants, and each of them, are liable for exemplary damages by knowledge and actions that satisfy NRS 42.007 including, but not limited to, maintaining the defense this litigation even after learning of the negligence, failed contractual performance, and breach of covenants of good faith and fair dealings, committed by non-management employees and low-level supervisors of non-management employees.

47.   That Plaintiff had to retain the services of an attorney to prosecute this action against the Defendants and each of them, and is entitled to reasonable attorney's fees, prejudgment interest and costs of suit incurred herein as items of special damages.

**BREACH OF DEFENDANT'S COVENANT OF GOOD FAITH AND FAIR DEALING**

48.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 47 of the Complaint as though fully set forth herein by reference.

49.   That Defendants, and each of them, as an inherent part of the contract with Plaintiff, owed Plaintiff a duty of good faith and fair dealing.

50.   That Defendants, and each of them, denied and otherwise refused to pay any portion of the Plaintiff's UIM claim; that the denial and refusal to pay was done without any reasonable basis; and that Defendants, and each of them, knew or were aware that they lacked any reasonable basis to deny and refuse to pay the Plaintiff's claim, or acted with reckless disregard as to the unreasonableness of the denial and refusal to pay.

51.   That Defendants, and each of them, have breached their duty of good faith and fair dealing inherent in their contract with Plaintiff, causing Plaintiff damages including mental suffering and distress with physical manifestations, anxiety, anguish, worry, sleep loss, depression, pecuniary loss, and foreseeable financial hardship as a proximate result of said breach, all in an amount in excess of $10,000.00.

52.   That upon information and belief, Defendants, and each of them, by and through their employees and agents, acted with or committed acts constituting a conscious disregard of the rights of Plaintiff; oppression; and/or, malice, express or implied, by among other acts, deliberately, intentionally, and with cognizance of the foreseeable consequences: not following one or more rules of the common law, Nevada Revised Statute, and Nevada Administrative Code provisions pertaining to the adjustment of first party claims during the adjusting of Plaintiff's

-11-

claims; not performing one or more contractual provisions in the policy of insurance; making medical or other expert decisions without conducting a reasonable investigation including, but not limited to, using an IME or a timely medical consultation; representing to the insured that reviewing medical records was necessary in order to complete its evaluation; and withholding from Plaintiff money amounts Defendants, and each of them, know is due to Plaintiff under the UIM coverage.  Plaintiff is entitled to exemplary damages as contemplated by NRS 42.005.

53.     Upon information and belief, the employer and corporate Defendants, and each of them, are liable for exemplary damages by knowledge and actions that satisfy NRS 42.007 including but not limited to maintaining the defense of this litigation even after learning of the negligence, failed contractual performance, and breach of covenants of good faith and fair dealings, committed by non-management employees and low-level supervisors of non-management employees.

54.     That Plaintiff had to retain the services of an attorney to prosecute this action against the Defendants and each of them, and is entitled to reasonable attorney's fees, prejudgment interest and costs of suit incurred herein as an item of special damages.

## NEGLIGENCE

55.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 54 of the Complaint as though fully set forth herein by reference.

56.     That Defendants, and each of them, had a duty to conduct themselves in a reasonable manner in its adjusting of the Plaintiff's UIM claims.

57.     As described earlier in this document, that Defendants, and each of them, failed to carry out their duty to Plaintiff in handling Plaintiff's claim in an ordinary reasonably prudent manner, proximately causing Plaintiff damages including mental suffering and distress, anxiety,

anguish, worry, sleep loss, depression, pecuniary loss, and foreseeable financial hardship all in an amount in excess of $10,000.00, and Defendants, and each of them, are negligent.

58.     That Plaintiff had to retain the services of an attorney to prosecute this action against the Defendants and each of them, and is entitled to reasonable attorney's fees, prejudgment interest and costs of suit incurred herein.

## NEGLIGENCE PER SE

59.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 58 of the Complaint as though fully set forth herein by reference.

60.     That Defendants, and each of them, failed to abide by the requirements of NRS 686A.310, et. seq, and NAC 686A.600, et. seq., and has breached the statutory standards of minimum care, causing Plaintiff damages including mental suffering and distress, anxiety, anguish, and financial hardship all in an amount in excess of $10,000.00, and is negligent *per se*.

61.     That Plaintiff had to retain the services of an attorney to prosecute this action against the Defendants and each of them, and is entitled to reasonable attorney's fees, prejudgment interest and costs of suit incurred herein.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his attorneys of record, the Lowe Law Group, hereby demands a jury trial of all of the issues in the above matter.

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, demands judgment against Defendants, and each of them, as follows:

As to JAMES RIVER INSURANCE COMPANY

1.     Damages for breach of contract;

2.     Damages for breach of implied covenant of good faith and fair dealing;

3.      General damages in an amount excess of $10,000.00;

4.      Exemplary damages;

5.      Prejudgment interest, attorney's fees, and costs of suit incurred herein;

6.      For trial by a jury; and

7.      For such other and further relief as the Court may deem just and proper.

DATED this 30th day of November, 2017.

                                        **LOWE LAW GROUP**


                                        _____
                                        MARK HESIAK, ESQ.
                                        Nevada Bar No. 12397
                                        ERIC HINCKLEY, ESQ.
                                        Nevada Bar No. 12398
                                        eric@lowelawgroup.com
                                        LOWE LAW GROUP
                                        3085 Rosanna Street
                                        Las Vegas, NV 89117
                                        *Attorneys for Plaintiff*
                                        702-639-7846

-14-

# EXHIBIT "B"

# EXHIBIT "B"

BRIAN SANDOVAL
*Governor*

STATE OF NEVADA



C.J. MANTHE
*Director*

BARBARA D. RICHARDSON
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF INSURANCE
3300 West Sahara Avenue, Suite 275
Las Vegas, Nevada 89102-3200
(702) 486-4009   •   Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

January 8, 2018

James River Insurance Company
Attn: Michael P. Kehoe, President
P.O. Box 27648
Richmond, VA 23261

RE:   Christopher Hamilton vs. James River Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-17-765406-C

Dear Mr. Kehoe:

Enclosed please find the following documents: Summons and Complaint and Demand for Jury Trial. These documents have been served upon the Commissioner of Insurance as your attorney for service of process on January 3, 2018.

The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

If you have any questions regarding this service, please advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By:   *Rhonda Kelly*
RHONDA KELLY
Service of Process Clerk

Enclosures

c:   Eric Hinckley, Esq.

ISION OF INSURANCE
Sahara Avenue, Suite 275
Vegas, Nevada 89102

7016 3010 0000 0484 2208

Hasler          FIRST-CLASS MAIL
01/09/2018
US POSTAGE  $007.71⁰

ZIP 89101
011E12650516

RETURN RECEIPT
REQUESTED

JAMES RIVER INSURANCE COMPANY
ATTN: MICHAEL P KEHOE, PRESIDENT
PO BOX 27648
RICHMOND VA 23261

THISTLE

RECEIVED
JAN 1 5 2018
James River Insurance Company



## **PROOF OF SERVICE**

I hereby declare that on this day I served a copy of the Summons and Complaint and Demand for Jury Trial upon the following defendant in the within matter, by shipping a copy thereof, via Certified mail, return receipt requested, to the following:

> James River Insurance Company
> Attn: Michael P. Kehoe, President
> P.O. Box 27648
> Richmond, VA 23261
> CERTIFIED MAIL NO. 7016 3010 0000 0484 2208

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 8th day of January, 2018.


RHONDA KELLY
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE:   Christopher Hamilton vs. James River Insurance Company, et al.
      District Court, Clark County, Nevada
      Case No. A-17-765406-C

State of Nevada, Division of Insurance
This document on which this certificate
is stamped is a full, true and correct
copy of the original.

Date: 1/8/18   By: [signature]

-1-

BRIAN SANDOVAL
*Governor*

STATE OF NEVADA


C.J. MANTHE
*Director*

BARBARA D. RICHARDSON
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF INSURANCE
3300 West Sahara Avenue, Suite 275
Las Vegas, Nevada 89102-3200
(702) 486-4009   •   Fax (702) 486-4007
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

January 8, 2018

Eric Hinckley, Esq.
LOWE LAW GROUP
3085 Rosanna St.
Las Vegas, NV 89117

RE:   Christopher Hamilton vs. James River Insurance Company, et al.
District Court, Clark County, Nevada
Case No. A-17-765406-C

Dear Mr. Hinckley:

The Division received the service of process documents on January 3, 2018, regarding the above-entitled matter. Service has been completed on James River Insurance Company this date and enclosed are the following:

1.   A copy of our letter to James River Insurance Company dated January 8, 2018;
2.   A certified copy of the Proof of Service dated January 8, 2018; and
3.   Your receipt in the amount of $30.00.

Pursuant to *Nevada Revised Statutes (NRS)* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

If you have any questions regarding this service, please so advise.

Sincerely,

BARBARA D. RICHARDSON
Commissioner of Insurance

By:   *Rhonda Kelly*
RHONDA KELLY
Service of Process Clerk

Enclosures

c:   James River Insurance Company

RECEIVED

JAN 03 2018

DIVISION OF INSURANCE
STATE OF NEVADA

1  **SUMM**
   MARK HESIAK, ESQ.
2  Nevada Bar No. 12397
   ERIC HINCKLEY, ESQ.
3  Nevada Bar No. 12398
4  eric@lowelawgroup.com
   LOWE LAW GROUP
5  3085 Rosanna Street
6  Las Vegas, NV 89117
   *Attorneys for Plaintiff*
7  702-639-7846

8
                                    **DISTRICT COURT**
9
                                **CLARK COUNTY, NEVADA**
10
11 CHRISTOPHER HAMILTON, an          )  CASE NO.: A-17-765406-C
   individual,                       )  DEPT. NO.: XXIV
12                                    )
13              Plaintiff,            )  **SUMMONS**
                                      )
14 vs.                               )
                                      )
15 JAMES RIVER INSURANCE             )
   COMPANY, an Illinois corporation; )
16 DOES I through X; and ROE         )
   CORPORATIONS I through X, inclusive, )
17                                    )
18              Defendants.          )
19 _____      )

20                                  **SUMMONS**

21 **NOTICE:  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU**
   **WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN TWENTY (20)**
22 **DAYS.  READ THE INFORMATION BELOW.**
23
        TO THE DEFENDANT:  A civil complaint has been filed by the Plaintiff against you for
24
25 the relief set forth in the complaint.

26             James River Insurance Company
               c/o Nevada Department of Insurance
27             3300 W. Sahara Ave
               Suite 275
28             Las Vegas, NV 89102

                                        -1-

RECEIVED
JAN 03 2018
DIVISION OF INSURANCE
STATE OF NEVADA

Electronically Filed
11/30/2017 3:46 PM
Steven D. Grierson
CLERK OF THE COURT

1  **COMJD**
MARK HESIAK, ESQ.
2  Nevada Bar No. 12397
ERIC HINCKLEY, ESQ.
3  Nevada Bar No. 12398
4  eric@lowelawgroup.com
LOWE LAW GROUP
5  3085 Rosanna Street
Las Vegas, NV 89117
6  *Attorneys for Plaintiff*
7  702-639-7846

8                    **DISTRICT COURT**

9               **CLARK COUNTY, NEVADA**

10

11  CHRISTOPHER HAMILTON, an          )   CASE NO.: A-17-765406-C
    individual,                       )   DEPT. NO.:   Department 24
12                                    )
          Plaintiff,                  )   **COMPLAINT AND DEMAND FOR JURY**
13                                    )   **TRIAL**
14  vs.                               )
                                      )
15  JAMES RIVER INSURANCE             )
    COMPANY, an Illinois corporation; )
16  DOES I through X; and ROE         )
    CORPORATIONS I through X, inclusive, )
17                                    )
18          Defendants.               )
                                      )
19                                    )

20          COMES NOW, Plaintiff, CHRISTOPHER HAMILTON, an individual, (hereinafter

21  "Plaintiff"), by and through his attorneys at the LOWE LAW GROUP, and for Plaintiff's causes

22  of action against Defendants, JAMES RIVER INSURANCE COMPANY, DOES, and ROES, and

23
    each of them, alleges as follows:
24
25              **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

26          1.      That at all times relevant herein, Plaintiff CHRISTOPHER HAMILTON was and is

27  a resident of Clark County, Nevada.

28  ...

                                    -1-

2.      That at all times relevant herein, Defendant, JAMES RIVER INSURANCE COMPANY, an Illinois company (hereinafter "Defendants") was and is a business licensed to contract for automobile insurance coverage in Clark County, Nevada.

3.      That Defendants, and each of them, maintains a place of business in Nevada, maintains business licenses issued exclusively by the State of Nevada and its political subdivisions, hires employees who work and reside in Nevada, advertises in Nevada, enters into contracts with Nevada residents with the intent that said contracts be performed in Nevada and interpreted solely under Nevada law, pays business taxes in the State of Nevada, and otherwise acts with the intent to be a corporate citizen domiciled in Nevada, with an intent to remain in the State of Nevada for an indefinite period of time.

4.      Pursuant to NRCP 10(a) and <u>Nurenberger Hercules-Werke GMBH v. Virostek</u>, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of resident and non-resident DEFENDANTS designated herein as DOES I through X, and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff at the present time; however, it is alleged and believed these DEFENDANTS were involved in the initiation, approval, support, or execution of the wrongful acts upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, including but not limited to: advertising, touting, and selling a policy of insurance that did not contain terms and provisions commensurate with the actual policy delivered; improperly adjusting a claim made under a policy of automobile underinsured insurance and/or policy of automobile medical payments coverage; improperly performing contractual promises made as part of a policy of insurance; tortiously breaching duties to Plaintiff inherent in an insurance policy; and directing the acts of others to perform these wrongful acts. It is alleged that said DOE and ROE DEFENDANTS directly and proximately caused injury and damages thereby to Plaintiff. As the specific identities of these parties are revealed through the course of

1  discovery, the DOE and ROE appellation will be replaced to identify these parties by their true

2  names and capacities.

3
4      5.     That named Defendants, DOE Defendants, and ROE Corporation Defendants, and

each of them, at all relevant times, were the owner, partner, servant, officer, agent, and employee

5
6  of all the other Defendants, and each of them, and were at all relevant times acting within the

7  scope and performance of said partnership, agency, master/servants, and employment relationship.

8                **BACKGROUND FACTS RE: ACCIDENT GIVING RISE TO CLAIMS**

9
10      6.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 5

11  and incorporates them herein.

12      7.     That on or about August 26, 2016, Plaintiff CHRISTOPHER HAMILTON

13  (hereinafter "Plaintiff") was travelling eastbound on Sahara Avenue in Las Vegas, Clark County,

14  Nevada. Mr. Hamilton was transporting a passenger on behalf of the ride share program, Uber. At

15
16  or around the same time, Juan Jose Cruz (hereinafter "Cruz") was also traveling eastbound on

17  Sahara Avenue. As PLAINTIFF was slowing his vehicle for upcoming traffic, without any

18  advanced warning or notice, Cruz's vehicle slammed into the rear of PLAINTIFF'S vehicle.

19      8.     That an investigation of the accident was performed by Las Vegas Metropolitan

20  Police Department and the investigating officer found probable cause to cite Cruz for driver

21
22  inattention.

23      9.     That Cruz was negligent and was liable for Plaintiff's damages.

24      10.    At that date, time and place, Cruz violated one or more statutes, codes, ordinances

25  or rules which governed the operation of adverse driver's vehicle which were enacted to protect

26  persons such as Plaintiff and prevent the types of injuries and damages Plaintiff sustained, and

27
28  Cruz was negligent *per se,* and was liable for Plaintiff's damages.

11.     That as a direct and proximate result of the acts and omissions of Cruz, Plaintiff sustained great pain of body and mind, including serious and painful physical injuries to Plaintiff, as well as shock and injury to Plaintiff's nervous system entailing mental stress, anxiety, and anguish, all or some of which conditions may be permanent and disabling in nature, all to Plaintiff's general damages in an amount in excess of $10,000.00.

12.     That as a direct and proximate result of the acts and omissions of Cruz, Plaintiff incurred expenses for medical care and expenses incidental thereto, and upon information and belief such expenses and damages will continue in the future, all to Plaintiff's damage in a presently unascertainable amount.

13.     That as a direct and proximate result of the acts and omissions of Cruz, Plaintiff lost income and earning capacity, and upon information and belief such damages will continue in the future, all to Plaintiff's damage in a presently unascertainable amount.

14.     At the time of the underlying motor vehicle accident involving Cruz, Cruz was covered for liability arising out of the same accident by an insurance policy with Nevada Direct Insurance Company ("Nevada Direct") with policy limits of $15,000.00 per person and $30,000.00 per accident.

15.     On or about October 24, 2016, Plaintiff made a demand upon Nevada Direct against Cruz for the insurance policy limits.

16.     On or about December 9, 2016, Nevada Direct agreed to pay Plaintiff Cruz's $15,000.00 insurance policy limits which was accepted.

17.     That the settlement with Cruz did not compensate Plaintiff for all damages suffered because of the negligence of Cruz.

///

-4-

## CLAIMS AGAINST JAMES RIVER INSURANCE COMPANY

18.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 17 and incorporates them herein.

20.     That at the time of the collision Plaintiff was eligible for underinsured motorist coverage (hereinafter "UIM") by Defendants, and each of them, under policy #CA436100NV-01 with coverage limits of $1,000,000.00 per person per accident.

21.     That on or about September 28, 2016, Plaintiff's counsel, pursuant to and in compliance with all the requirements of the UIM insurance, sent a letter of representation to the Defendants, and each of them, notifying them of possible UIM claims.

22.     That on or about October 4, 2016, the Defendants, and each of them, acknowledged the letter of representation and acknowledged coverage for a UIM claim by Plaintiff.

23.     That on or about August 15, 2017, Plaintiff, pursuant to and in compliance with all the requirements of the UIM policy of insurance, presented Defendants, and each of them, with a proof of claim for damages for injuries to his back and neck, together with a demand for payment of uncompensated damages caused by Cruz.  The report indicated that all of the pathology in the Plaintiff's back and neck and related areas was totally, directly causally related to the subject motor vehicle accident.

24.     That the proof of claim contained medical records and billing showing that the Plaintiff had incurred at least $143,439.23 in medical treatment and billing as a result of the subject accident; and the Las Vegas Metropolitan Police traffic accident report; and proof of the Nevada Direct (Cruz's) policy limits.

25.     That based upon the proof of claim, Defendants, and each of them, knew that Cruz's underlying $15,000 liability policy with Nevada Direct was insufficient to compensate the Plaintiff for the injuries Cruz caused the Plaintiff.

26.     That based upon the proof of claim and pursuant to and in compliance with the requirements of Defendants' UIM insurance policy, the Plaintiff demanded $1,000,000.00 in UIM coverage and gave Defendants, and each of them, 30 days to evaluate and pay the claim.

27.     That on or about September 27, 2017 the Defendants' claim representative had a conversation with Plaintiff's counsel.  The claims representative offered to settle the UIM claim for $110,000.00.

28.     That on November 1, 2017, Plaintiff's counsel received an email from a new claims representative for Defendant indicating that Defendant was awaiting confirmation that Mr. Cruz's insurance had agreed to tender their policy limits before making Plaintiff an offer on his UIM claim.

29.     That Plaintiff's counsel informed the new claims representative for Defendant that such was already provided to the prior claims representative and the prior claims representative made an unreasonably low offer as discussed herein in paragraph 27.

30.     That Plaintiff has not heard from Defendant since receiving the November 1, 2017 email.

31.     That the Defendants' valuation of the Plaintiff's UIM claim was so low as to shock the conscience of a reasonable person as it did not even amount to the medical expenses incurred by Plaintiff, let alone account for lost wages, lost earning capacity or pain and suffering

32.     That the Defendants' valuation of the Plaintiff's UIM claim, upon information and belief, was done without a reasonable basis or reasonable investigation including, but not limited to, Defendants' failure to request or conduct an Independent Medical Examination of the Plaintiff to assist it to in determining the causation of Plaintiff's injuries; and/or the reasonableness, necessity, and causation of the past and future medical treatment the Plaintiff sought to recover under the UIM coverage; and/or the past and future pain and suffering that the Plaintiff sought to

recover under the UIM coverage; and/or the future diminished earning capacity that the Plaintiff sought to recover under the UIM coverage prior to making the valuations described in the preceding paragraphs.

33.     That the Defendants' valuation of the Plaintiff's UIM claim, upon information and belief, was done without a reasonable basis or reasonable investigation including, but not limited to, Defendants' failure to timely consult with any person qualified to determine the causation of Plaintiff's injuries; and/or the reasonableness, necessity, and causation of the past and future medical treatment the Plaintiff sought to recover under the UIM coverage; and/or the past and future pain and suffering that the Plaintiff sought to recover under the UIM coverage; and/or the future diminished earning capacity that the Plaintiff sought to recover under the UIM coverage prior to making the valuations described in the preceding paragraphs.

34.     That at all times relevant herein, Defendants, and each of them, violated multiple duties owed by an insurance company to an insured making a claim created by one or more common laws, Nevada Revised Statutes, or Nevada Administrative Code provisions; including, but not limited to, of NRS 686A.310, NAC 686A.660, and NAC 686A.675 as follows:

a)      Defendants, and each of them, violated NRS 686A.310 (n) which requires an insurance company to promptly provide an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim;

b)      Defendants, and each of them, violated NAC 686A.675(1) which prohibits an insurance company from denying a claim based upon a specific policy provision, condition or exclusion without referencing that provision, condition or exclusion in the denial;

-7-

c)    Defendants, and each of them, violated NAC 686A.675 (3) which requires an insurance company to give a first party claimant the reasons why additional time is needed to investigate the claim every 30 days after receipt of the claimant's initial proof of loss;

d)    Defendants, and each of them, violated NAC 686A.675(4) which prohibits an insurance company from refusing to settle a first-party claim on the basis that responsibility for payment should be assumed by others unless provided by policy provisions;

e)    Defendants, and each of them, violated NAC 686A.675(7) which requires an insurance company to pay all undisputed policy proceeds to claimant once the company determines the amount of undisputed proceeds;

f)    Defendants, and each of them, violated NAC 686A.675(1) which requires an insurance company to pay interest on any accepted claim if the insurer failed to pay the accepted claim within 30 days after accepting the claim;

g)    Defendants, and each of them, violated NRS 686A.310 (c) which requires an insurance company to create and implement reasonable standards for the prompt investigation of claims, including appropriate procedures to support the insurer's assertions that a first party claimant's injury was either unrelated to the loss or the first party claimant's treatment was unreasonable.

h)    Defendants, and each of them, violated NRS 686A.310 (f) which prohibits an insurance company from compelling an insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts the insured claimed and ultimately recovered or offering nothing at all.

35.     That Defendants, and each of them, have not tendered the undisputed amount of Plaintiff's UIM claim, and continue to hold the undisputed amount of his claim.

36.     That Plaintiff has demanded Defendants, and each of them, to fully perform their UIM contractual obligations and Defendants, and each of them, have not done so.

37.     That Defendants, and each of them, have acted unreasonably in carrying out their duties to Plaintiff.

## BREACH OF CONTRACT

38.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 37 of the Complaint as though fully set forth herein by reference.

39.     That in exchange for consideration, Defendants, and each of them, contractually agreed to pay benefits under the UIM provisions of Defendants' insurance policy #CA436100NV-01.

40.     That Defendants, and each of them, by and through their employees and agents, have breached their contractual obligations to Plaintiff and Plaintiff has suffered damage as a proximate result of the breach of contractual obligations, in an amount in excess of $10,000.00.

41.     That Plaintiff had to retain the services of an attorney to prosecute this action against the Defendants and each of them, and is entitled to reasonable attorney's fees, prejudgment interest and costs of suit incurred herein as items of special damages.

## BREACH OF SPECIAL AND FIDUCIARY-LIKE DUTIES

42.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 41 of the Complaint as though fully set forth herein by reference.

43.     That Defendants, and each of them, had special and fiduciary-like duties to the Plaintiff based upon their relative positions to each other in the subject contract.

44.     That Defendants, and each of them, by and through its employees and agents, have breached its special and fiduciary-like duties to Plaintiff causing Plaintiff damages including mental suffering and distress with physical manifestations, and anxiety, anguish, and financial hardship as a proximate result of said breach, all in an amount in excess of $10,000.00.

45.     That upon information and belief, Defendants, and each of them, by and through their employees and agents, acted with or committed acts constituting a conscious disregard of the rights of Plaintiff; oppression; and/or, malice, express or implied, by among other acts, deliberately, intentionally, and with cognizance of the foreseeable consequences: not following one or more rules of the common law, Nevada Revised Statute, and Nevada Administrative Code provisions pertaining to the adjustment of first party claims during the adjusting of Plaintiff's claims; not performing one or more contractual provisions in the policy of insurance; making medical or other expert decisions without conducting a reasonable investigation including, but not limited to, using an IME or a timely medical consultation; representing to the insured that medical records may have an effect upon its evaluation; and withholding from Plaintiff money amounts Defendants, and each of them, know is due to Plaintiff under the UIM coverage.   Plaintiff is entitled to exemplary damages as contemplated by NRS 42.005.

46.     Upon information and belief, the employer and corporate Defendants, and each of them, are liable for exemplary damages by knowledge and actions that satisfy NRS 42.007 including, but not limited to, maintaining the defense this litigation even after learning of the negligence, failed contractual performance, and breach of covenants of good faith and fair dealings, committed by non-management employees and low-level supervisors of non-management employees.

47.     That Plaintiff had to retain the services of an attorney to prosecute this action against the Defendants and each of them, and is entitled to reasonable attorney's fees, prejudgment interest and costs of suit incurred herein as items of special damages.

**BREACH OF DEFENDANT'S COVENANT OF GOOD FAITH AND FAIR DEALING**

48.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 47 of the Complaint as though fully set forth herein by reference.

49.     That Defendants, and each of them, as an inherent part of the contract with Plaintiff, owed Plaintiff a duty of good faith and fair dealing.

50.     That Defendants, and each of them, denied and otherwise refused to pay any portion of the Plaintiff's UIM claim; that the denial and refusal to pay was done without any reasonable basis; and that Defendants, and each of them, knew or were aware that they lacked any reasonable basis to deny and refuse to pay the Plaintiff's claim, or acted with reckless disregard as to the unreasonableness of the denial and refusal to pay.

51.     That Defendants, and each of them, have breached their duty of good faith and fair dealing inherent in their contract with Plaintiff, causing Plaintiff damages including mental suffering and distress with physical manifestations, anxiety, anguish, worry, sleep loss, depression, pecuniary loss, and foreseeable financial hardship as a proximate result of said breach, all in an amount in excess of $10,000.00.

52.     That upon information and belief, Defendants, and each of them, by and through their employees and agents, acted with or committed acts constituting a conscious disregard of the rights of Plaintiff; oppression; and/or, malice, express or implied, by among other acts, deliberately, intentionally, and with cognizance of the foreseeable consequences: not following one or more rules of the common law, Nevada Revised Statute, and Nevada Administrative Code provisions pertaining to the adjustment of first party claims during the adjusting of Plaintiff's

claims; not performing one or more contractual provisions in the policy of insurance; making medical or other expert decisions without conducting a reasonable investigation including, but not limited to, using an IME or a timely medical consultation; representing to the insured that reviewing medical records was necessary in order to complete its evaluation; and withholding from Plaintiff money amounts Defendants, and each of them, know is due to Plaintiff under the UIM coverage. Plaintiff is entitled to exemplary damages as contemplated by NRS 42.005.

53.   Upon information and belief, the employer and corporate Defendants, and each of them, are liable for exemplary damages by knowledge and actions that satisfy NRS 42.007 including but not limited to maintaining the defense of this litigation even after learning of the negligence, failed contractual performance, and breach of covenants of good faith and fair dealings, committed by non-management employees and low-level supervisors of non-management employees.

54.   That Plaintiff had to retain the services of an attorney to prosecute this action against the Defendants and each of them, and is entitled to reasonable attorney's fees, prejudgment interest and costs of suit incurred herein as an item of special damages.

## NEGLIGENCE

55.   Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 54 of the Complaint as though fully set forth herein by reference.

56.   That Defendants, and each of them, had a duty to conduct themselves in a reasonable manner in its adjusting of the Plaintiff's UIM claims.

57.   As described earlier in this document, that Defendants, and each of them, failed to carry out their duty to Plaintiff in handling Plaintiff's claim in an ordinary reasonably prudent manner, proximately causing Plaintiff damages including mental suffering and distress, anxiety,

anguish, worry, sleep loss, depression, pecuniary loss, and foreseeable financial hardship all in an amount in excess of $10,000.00, and Defendants, and each of them, are negligent.

58.     That Plaintiff had to retain the services of an attorney to prosecute this action against the Defendants and each of them, and is entitled to reasonable attorney's fees, prejudgment interest and costs of suit incurred herein.

## NEGLIGENCE PER SE

59.     Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 58 of the Complaint as though fully set forth herein by reference.

60.     That Defendants, and each of them, failed to abide by the requirements of NRS 686A.310, et. seq, and NAC 686A.600, et. seq., and has breached the statutory standards of minimum care, causing Plaintiff damages including mental suffering and distress, anxiety, anguish, and financial hardship all in an amount in excess of $10,000.00, and is negligent *per se*.

61.     That Plaintiff had to retain the services of an attorney to prosecute this action against the Defendants and each of them, and is entitled to reasonable attorney's fees, prejudgment interest and costs of suit incurred herein.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his attorneys of record, the Lowe Law Group, hereby demands a jury trial of all of the issues in the above matter.

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, demands judgment against Defendants, and each of them, as follows:

As to JAMES RIVER INSURANCE COMPANY

1.     Damages for breach of contract;

2.     Damages for breach of implied covenant of good faith and fair dealing;

3.      General damages in an amount excess of $10,000.00;

4.      Exemplary damages;

5.      Prejudgment interest, attorney's fees, and costs of suit incurred herein;

6.      For trial by a jury; and

7.      For such other and further relief as the Court may deem just and proper.

DATED this 30th day of November, 2017.

**LOWE LAW GROUP**

MARK HESIAK, ESQ.
Nevada Bar No. 12397
ERIC HINCKLEY, ESQ.
Nevada Bar No. 12398
eric@lowelawgroup.com
LOWE LAW GROUP
3085 Rosanna Street
Las Vegas, NV 89117
*Attorneys for Plaintiff*
702-639-7846

-14-